# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2026

Lyle W. Cayce
Clerk

———————

No. 24-60583

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan A Payne,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:23-CR-73-1

———————————————————————

Before Jones, Clement, and Richman, *Circuit Judges*.

Edith Brown Clement, *Circuit Judge*:

Juan Payne pleaded guilty to selling methamphetamine. While under federal indictment in this case, he sought and obtained an expungement in Mississippi state court for a 2006 marijuana conviction. The district court determined that the marijuana conviction must be counted toward Payne's criminal history score because it was not expunged within the meaning of the Sentencing Guidelines. We agree and affirm Payne's sentence.

No. 24-60583

I

In June 2023, Juan Payne was arrested for allegedly selling 461.9 grams of methamphetamine to a confidential government informant in two separate transactions. The government charged Payne in a two-count indictment under 21 U.S.C. § 841(a)(1) and (b)(1)(A) for the two drug sales. Payne pleaded guilty to the first count, and the government agreed to dismiss the second count in exchange for Payne's guilty plea.

While Payne's federal indictment was pending, but before he entered his guilty plea, he petitioned a Mississippi state court to expunge a 2006 felony conviction for selling marijuana in violation of MISS. CODE ANN. § 41-29-139. Payne sought the expungement under MISS. CODE ANN. § 99-19-71. His counsel and the state prosecutor submitted a jointly proposed order granting his petition. On April 9, 2024, the state court adopted the proposed order and expunged Payne's marijuana conviction. The effect of the expungement order is "to restore [Payne], in the contemplation of law, to the status [he] occupied before he was arrested on this charge." It directs the Washington County Sheriff's Department, the Justice Court of Washington County, and the Circuit Court of Washington County to submit a request to the U.S. Department of Justice and Mississippi's Criminal Information Center to expunge Payne's records related to his marijuana conviction. Though it states that the expungement does not affect any "non-public records pertaining to" Payne's marijuana conviction. Finally, the order indicates that Payne will not be guilty of perjury or otherwise giving false information by failing to "recite or acknowledge such affidavit, warrant, arrest, indictment or non-adjudication."

Payne's expungement petition did not address whether he had been rehabilitated from his marijuana offense, the expungement order does not mention rehabilitation, and the state court did not hold a hearing on Payne's

2

petition before granting it.

Back in his federal proceedings, Payne's Presentence Investigation Report ("PSR") assigned three points for his marijuana conviction. The PSR noted the state court's expungement order but concluded that the conviction should still be used in calculating Payne's criminal history score. The PSR assigned Payne a total offense level of thirty-four, a criminal history score of six, and it deemed Payne a career offender with a criminal history category of VI. It calculated a Guidelines range of 262 to 327 months of imprisonment.

Payne objected to the PSR's calculations on the ground that his marijuana conviction was expunged under Mississippi law and should not be assigned criminal history points. The government protested that Payne was using an expungement to avoid federal sentencing enhancements, and it argued that the expungement was improper because Payne presented no evidence to the state court that he had been rehabilitated, his recidivism illustrated he had not *in fact* been rehabilitated, and the state court was unaware of Payne's federal indictment involving conduct similar to his marijuana conviction—an unlawful sale of narcotics.

The probation officer filed an addendum to the PSR to address Payne's objection. The addendum highlighted certain "extenuating circumstances" that warranted counting Payne's marijuana conviction: (1) the state court ordered the expungement after Payne was indicted in this case, and (2) the expungement order expressly does not apply to non-public records. In the event the district court disagreed with the probation officer and chose not to count Payne's marijuana conviction, the addendum indicated that Payne's Guidelines range would be 120 to 121 months. It acknowledged that the district court could still consider an upward departure.

No. 24-60583

The district court sentenced Payne in September 2024.[1] At the start of the hearing, the court stated that it reviewed the PSR and the addendum. The court then heard lengthy arguments from Payne's counsel and the government regarding the effect of Payne's expungement. It overruled Payne's objections to the PSR and determined that Payne's marijuana conviction must be counted in his sentencing calculations because it was not expunged within the meaning of the Guidelines.

The district court also questioned the propriety of the expungement order. The state court did not hold a hearing on Payne's petition, neither Payne's petition nor the expungement order mentioned rehabilitation, and the district court believed that Payne's indictment in this case evinced that Payne had not been rehabilitated from his marijuana conviction. The district court also expressed concerns over the timing and circumstances of Payne's expungement petition—specifically, how "it seems that the state court judge was not given full information about what was going on with [Payne] at the time that the petition was sought," with the "pending indictment here in federal court, and the seriousness of it." The court likened this case to *Johnson v. State*, 333 So. 3d 116 (Miss. Ct. App. 2022), where the Mississippi Court of Appeals affirmed the trial court's decision to set aside an expungement because the defendant failed to disclose pending felony charges against him when he petitioned for an expungement under the same Mississippi statute as Payne. *Id.* at 118–20. The government, for its part,

---

[1] About a month before Payne's sentencing, the State moved to set aside Payne's expungement because it learned that Payne was in federal custody under the indictment in this case. It argued that Payne "sought and wrongfully obtained an expunction for the sole purpose of subverting the federal sentencing guidelines." Payne moved to dismiss the State's motion and seal the record. The district court continued Payne's sentencing to allow more time for the state court to resolve the motion. Payne objected to any further delays to his sentencing.

argued that Payne's expungement was "fraudulently obtained."

The district court adopted the PSR in full, including the Guidelines range of 262 to 327 months of imprisonment. After inquiring into Payne's background, education, family, substance abuse history, and rehabilitation efforts, the court heard arguments from counsel about the appropriate sentence to impose.

The court varied downward and sentenced Payne to 180 months of imprisonment and five years of supervised release. It explained that the variance was based on Payne's answers to the court's questions and arguments "made on [Payne's] behalf on both sides by the government and by [Payne's] own attorney." The court twice made clear that it would have imposed the same sentence—for the same reasons—regardless of whether it counted Payne's expunged marijuana conviction.

Payne timely appealed his sentence.[2]

## II

We review de novo a district court's interpretation and application of the Sentencing Guidelines, and we review the court's underlying factual findings for clear error. *United States v. Pringler*, 765 F.3d 445, 451 (5th Cir.

---

[2] About a year after Payne initiated this appeal, the state court held a hearing on the State's motion to set aside Payne's expungement and denied it. The court concluded that neither Payne nor his counsel made any misrepresentations or committed fraud or other misconduct. Indeed, the court pointed out that Payne's counsel made no representation at all regarding Payne's status or pending charges. It also rejected the notion that the State was introducing "newly discovered evidence" and faulted the State for not conducting proper due diligence to discover that "Payne had been in federal custody since June 13, 2023, on a federal arrest warrant." The court upheld Payne's expungement because it deemed Payne "entitled to the relief given," and the State offered no other reason to justify setting it aside. The court did not mention rehabilitation. We extended the parties' briefing schedule while awaiting the state court's ruling. Once it was issued, this appeal proceeded.

No. 24-60583

2014).

## III

On appeal, Payne advances three arguments. *First*, he contends that his expungement order is valid under Mississippi law, and the district court did not have jurisdiction to analyze its validity. *Second*, he claims that the district court erred by counting his expunged marijuana conviction when calculating his criminal history score. *Third*, he insists that this error was not harmless.

## A

We begin with the expungement order itself. Payne stands by its validity,[3] but he devotes far more effort to contesting whether the district court had jurisdiction to scrutinize its compliance with Mississippi law.[4]

---

[3] The district court believed Payne's expungement was ineffective because the state court did not make a rehabilitation finding, and Payne did not submit any evidence to suggest—nor could he have actually established—that he had been rehabilitated. The government attacks the expungement order on each of these grounds. Miss. Code Ann. § 99-19-71(2) authorizes a court to expunge one felony conviction—so long as the felony is not one of the ten enumerated in the statute—for an eligible offender if it determines "on the record or in writing, that the applicant is rehabilitated from the offense which is the subject of the petition." The statute requires the court to make this finding before ordering an expungement. *Bell v. State*, 382 So. 3d 1172, 1174 (Miss. Ct. App. 2024). In *Bell*, the Mississippi Court of Appeals affirmed the trial court's refusal to expunge a conviction where the petitioner "did not assert, let alone present, *any* evidence of his rehabilitation." *Id.* at 1175.

[4] Payne posits that the adequacy of state proceedings governing expungement orders is beyond the reach of a federal district court. In Payne's view, determining the validity of such orders rests exclusively with the state court. For support, he cites a lone report and recommendation from the Northern District of Mississippi recommending dismissal of a pro se plaintiff's complaint in which she raised a litany of claims against the Grenada County Circuit Court and the Covington, Tennessee police department. *See Smith v. Cir. Ct. of Grenada Cnty.*, No. 21-CV-158, 2022 WL 612345 (N.D. Miss. Feb. 8, 2022), *report and recommendation adopted*, 2022 WL 610271 (N.D. Miss. Mar. 1, 2022)). Nowhere does *Smith* suggest that a federal court cannot analyze the validity of an

No. 24-60583

We need not resolve either question because they have no bearing on the outcome of this case. Instead, we will assume without deciding that Payne's expungement is valid under Mississippi law.

B

That brings us to the heart of this appeal: Whether the district court erred by counting Payne's expunged marijuana conviction when calculating his criminal history score.

1

Section 4A1.1 of the Sentencing Guidelines assigns point values to a defendant's criminal history, and the total determines his criminal history category. U.S. Sent'g Guidelines Manual § 4A1.1 (U.S. Sent'g Comm'n 2025). Relevant here, "each prior sentence of imprisonment exceeding one year and one month" is assigned three points, *id.* § 4A1.1(a), provided the defendant "actually served a period of imprisonment on such sentence," *id.* § 4A1.2, comment. (n.2). Payne was assigned three points for his expunged marijuana conviction.

Not all prior convictions are on the table. The Guidelines instruct that "expunged convictions are not counted" when computing a defendant's criminal history score. *Id.* § 4A1.2(j). Though "expunged" is undefined in the Guidelines, Application 10 provides some clarity:

> 10. **Convictions Set Aside or Defendant Pardoned.** A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned *for reasons unrelated to innocence or errors of law*, e.g., in order to restore civil rights or to remove the

---

expungement issued by a state court. The magistrate judge simply instructed the plaintiff to seek expungements of state convictions in state court. *Id.* at *1.

stigma associated with a criminal conviction. ***Sentences resulting from such convictions are to be counted.*** However, expunged convictions are not counted.

*Id.* § 4A1.2, comment. (n.10) (emphases added).

The Guidelines "commentary 'controls' unless it is 'inconsistent with, or a plainly erroneous reading of'" the Guidelines. *United States v. Vargas*, 74 F.4th 673, 680 (5th Cir. 2023) (en banc) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)). Neither party argues that Application Note 10 is inconsistent with or an erroneous reading of § 4A1.2(j). Nor could they. It merely breathes life into an undefined term. Thus, Application Note 10 is authoritative here.

In *United States v. Ashburn*, 20 F.3d 1336 (5th Cir. 1994), *vacated in part on other grounds*, 38 F.3d 803 (5th Cir. 1994), we applied Application Note 10 to examine an expungement under the now-repealed Federal Youth Corrections Act ("YCA"), 18 U.S.C. § 5021 (repealed 1984). There, the defendant pleaded guilty to two counts of bank robbery. *Id.* at 1338. His PSR assigned criminal history points for a prior armed bank robbery conviction. *Id.* at 1339. The defendant argued on appeal that this prior conviction should never have been counted because it was expunged under the YCA. *Id.* at 1341. The YCA provided that "[u]pon the unconditional discharge by the [United States Parole] Commission of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically *set aside* and the Commission shall issue to the youth offender a certificate to that effect." *Id.* (quoting 18 U.S.C. § 5021(a)).

"The central question" in *Ashburn* was "whether the 'set aside' language in the YCA means that the conviction is 'expunged' as that term is used in U.S.S.G. § 4A1.2(j)." *Id.* at 1342. Consulting Application Note 10, we held that the defendant's expunged bank robbery conviction was properly

counted because the conviction was "set aside for 'reasons unrelated to innocence or errors of law.'" *Id.* at 1343 (quoting U.S. SENT'G GUIDELINES MANUAL § 4A1.2, comment. (n.10)). So, it was not an expungement under § 4A1.2(j).

We explained that the YCA's automatic set aside did not "protect the recidivist from the full consequences of his actions." *Id.* While "[t]he YCA was designed to give the young defendant a new lease on life," and "Congress determined that a spontaneous, youthful transgression should not inhibit a person's evolution into productive citizenship," this "second chance" was unavailable "as a shield for those whose original encounter with the criminal world is used as a springboard to a life of felonious conduct." *Id.* Nor was "it intended to allow a person convicted under its auspices to rewrite his life when his handwriting shows that post-conviction activities are criminal in nature." *Id.*

What Application Note 10 says, *Ashburn* confirms. The underlying rationale for the expungement dictates whether it must be counted for federal sentencing purposes.

Our sister circuits roundly embrace this approach.[5] In particular, consider *United States v. Hines*, 133 F.3d 1360 (10th Cir. 1998). Hines's prior battery conviction was expunged under an Arkansas law that entitled him to that relief once he served his sentence. *Id.* at 1361. Although the statute

_____

[5] *See, e.g.*, *United States v. Dobovsky*, 279 F.3d 5, 7–10 (1st Cir. 2002); *United States v. Warner*, No. 23-2148, 2025 WL 25852, at *3 (3d Cir. Jan. 3, 2025); *United States v. Mobley*, 96 F. App'x 127, 129 (4th Cir. 2004) (per curiam); *United States v. Shor*, 549 F.3d 1075, 1078 (6th Cir. 2008); *United States v. Stowe*, 989 F.2d 261, 262–63 (7th Cir. 1993); *United States v. Townsend*, 408 F.3d 1020, 1022–25 (8th Cir. 2005); *United States v. Hines*, 133 F.3d 1360, 1362–63 (10th Cir. 1998); *United States v. Shazier*, 179 F.3d 1317, 1318–20 (11th Cir. 1999); *United States v. McDonald*, 991 F.2d 866, 871 (D.C. Cir. 1993).

No. 24-60583

"direct[ed] that the record of the eligible offender be *expunged*," *id.* (quoting ARK. CODE ANN. § 16-93-510(a) (repealed 1993)), the court explained that when determining whether a conviction is "expunged" under § 4A1.2(j), "Application Note 10 requires sentencing courts to analyze the *true basis* for expungement under" the statute authorizing it, *id.* at 1362–63 (emphasis added). The language the legislature adopts—"expunged," "set aside," "pardoned," etc.—has no legal significance. *Id.* at 1363.

*Hines* correctly elevated substance over labels. In the eyes of the Guidelines, an expunged conviction is one obtained due to "constitutional invalidity, innocence, or errors of law." *Id.* at 1364 (citation omitted). Hines's expungement was not obtained for these reasons, so the district court properly counted it. *Id.* at 1366.

The court relied on a few key features of the Arkansas statute to justify its conclusion. The statute authorized an expungement "regardless of the validity of Hines' conviction," and he was not required to make a showing of innocence or legal error; it defined "expunge" as the sealing of records to make them confidential but still permitted access for law enforcement and judicial officials; it prohibited the physical destruction of records; and it contained language that suggested it was aimed at restoring a defendant's civil rights—i.e., "*the disposition shall not affect any civil rights or liberties of the defendant.*" *Id.* at 1365 (quoting ARK. CODE ANN. §§ 16-93-502(7)(A)–(B), 16-93-510(c)). Moreover, the statute did not contain a provision that "limit[ed] the use of expunged convictions in sentencing a defendant." *Id.* In the end, the Tenth Circuit concluded that the effect of an expungement under this statute was "merely the restoration of an individual's civil rights." *Id.*

We now turn to the nature of Payne's expungement.

10

No. 24-60583

2

The Mississippi statute under which Payne sought and obtained his expungement permits a defendant to petition the court in which he was convicted to "expunge . . . from all public records" one felony conviction. MISS. CODE ANN. § 99-19-71(2)(a). Under the statute, a defendant is eligible for an expungement five years after he successfully completes all terms and conditions of his sentence. And the court has discretion to grant the petition "if the court determines, on the record or in writing, that the applicant is rehabilitated from the offense." *Id.* § 99-19-71(2)(a)–(b). The effect of an expungement under § 99-19-71 is "to restore the person, in the contemplation of the law, to the status he occupied before any arrest or indictment for which convicted." *Id.* § 99-19-71(3).

An expungement under § 99-19-71 is not an expungement under the Guidelines.

To begin, the statute does not require a petitioner to establish his innocence or identify an error of law. *See Hines*, 133 F.3d at 1365; *United States v. Dobovsky*, 279 F.3d 5, 9 (1st Cir. 2002). Rather, Payne was eligible "regardless of the validity of" his marijuana conviction. *Hines*, 133 F.3d at 1365. Once enough time passed, Payne was authorized to petition the court.

Section 99-19-71 also does not limit the use of an expunged conviction in sentencing. *See id.* But look at some of the limitations it does contain. For example, a defendant with an expunged conviction under the statute will not be guilty of committing perjury or making a false statement if he is asked about but does not acknowledge his arrest, indictment, or conviction. MISS. CODE ANN. § 99-19-71(3). Yet this confidentiality protection does not apply when the defendant is asked in another proceeding about his expunged conviction to determine whether he is a "first offender." *Id.* Nor does it apply when the defendant is called as a prospective juror. *Id.* As a member of the

venire, he must disclose his conviction to the court in camera, and the judge must disclose it to counsel. *Id.* The statute also does not prevent an employer from asking a prospective employee if he has an expunged conviction. *Id.* Section 99-19-71 also prohibits the destruction of records—it requires the Mississippi Criminal Information Center to retain "a nonpublic record" of the conviction to determine whether the defendant is a "a first offender." *Id.* And it permits the district attorney to keep a nonpublic record of the conviction "for law enforcement purposes." *Id.*

Considering what § 99-19-71 says and does not say reveals that its central aim "is to restore a defendant's civil rights and remove any stigma attached to the conviction." *Hines*, 133 F.3d at 1365; *see also Ashburn*, 20 F.3d at 1343.

The expungement order itself confirms this interpretation. The order does not indicate that Payne was granted the expungement because he did not actually commit the offense or because some legal error was committed. Moreover, the order states that the expungement does not apply to non-public records, and it limits the effect of the expungement "to restor[ing] [Payne], in the contemplation of law, to the status [he] occupied before he was arrested" for his marijuana offense.

Payne's arguments are unconvincing. He dismisses *Ashburn* as reaching a "very specific holding"—interpreting the YCA—which, unlike § 99-19-71, used the words "set aside," not "expunged." That misses the mark. For one, nothing in *Ashburn* suggests that its analysis is confined to the YCA. It makes no difference that *Ashburn* concerned a different statute because the analysis is the same. For another, Payne inflates the importance of § 99-19-71's use of the word "expunged." The federal Sentencing Guidelines do not acquiesce to the labels used by state legislatures in expungement statutes. *Hines*, 133 F.3d at 1363. And for good reason.

"[A]llowing state nomenclature to control whether a sentence is expunged for purposes of the Sentencing Guidelines" would frustrate "the goal of uniformity" in federal sentencing. *Id.* at 1364; *see also Ashburn*, 20 F.3d at 1347 (noting that "[t]he Guidelines were enacted to bring uniformity and predictability to sentencing"). Payne's approach would undermine that goal. While we respect states' decisions to legislate on matters they deem worthwhile, states "may not dictate how the federal government will vindicate its own interests in punishing those who commit federal crimes." *United States v. Gray*, 177 F.3d 86, 93 (1st Cir. 1999).[6]

Thus, we conclude that the district court did not err by counting Payne's marijuana conviction when calculating his criminal history score.

## C

Even if the district court somehow erred in counting Payne's expunged marijuana conviction, that error was harmless.

When a district court applies an incorrect Guidelines range, we will nevertheless affirm if the government shows the error was harmless. Our cases identify two routes to that result. *United States v. Greer*, 20 F.4th 1071, 1073 (5th Cir. 2021). First, the government must show that the district court considered *both* the correct and incorrect ranges and explained that it would have imposed the same sentence regardless of the range it adopted. *Id.* Second, if the district court did not consider the correct range, the government must "convincingly demonstrate" that the court would have imposed the same sentence absent the error, for the same reasons

---

[6] Payne also highlights certificates of rehabilitation under Miss. Code Ann. § 97-37-5 to illustrate that, by contrast, expungements under § 99-19-71's provide "for the complete and absolute restoration of all rights." This comparison is a distraction from and has no bearing on our task to determine the underlying rational for his expungement.

No. 24-60583

it articulated at sentencing. *Id.* at 1073–74 (quoting *United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir. 2017)).

The first analysis applies here. The district court considered both ranges, the one in the PSR that counted Payne's expunged conviction (262–327 months) and the one in the addendum that did not (120–121 months).[7] Before announcing its downward departure to 180 months, the court heard extensive arguments from the parties about whether Payne's expunged conviction should be counted. And the court stated twice that it would have handed down the same sentence—with or without considering Payne's expunged conviction—for the same reasons it articulated throughout the hearing.

This court has "repeatedly held that, when a district court entertains arguments as to the proper guidelines range and explicitly states that it would have given the same sentence it did regardless, any error in the range calculation is harmless." *United States v. Nanda*, 867 F.3d 522, 531 (5th Cir. 2017). Here, the district court did exactly that. Our precedent requires nothing more.

IV

Expungement is "an act of legislative grace." *Polk v. State*, 150 So. 3d 967, 968 (Miss. 2014). In Mississippi, it exists "to promote rehabilitation and allow rehabilitated persons to move on with their lives—*not to prevent sentencing enhancements.*" *Johnson v. State*, 333 So. 3d 116, 120 (Miss. Ct. App. 2022) (emphasis added). What the legislature chooses to call this act of

---

[7] Payne suggests that without counting his expunged marijuana conviction, the correct Guidelines range is 97 to 121 months. That is incorrect. Payne's statute of conviction carries a mandatory minimum ten years of imprisonment. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).

grace is irrelevant. The Guidelines require a sentencing court to examine the defendant's expungement and ascertain its underlying rationale. The dispositive question is whether the expungement was obtained due to innocence or errors of law. If not, the expunged conviction must be counted for purposes of federal sentencing. The district court was right to count Payne's marijuana conviction because it was not expunged for either of these reasons. While an expungement may play an important role in helping defendants overcome legal barriers and successfully reintegrate into society, it does not shield them from the consequences of their recidivism.

For these reasons, we AFFIRM.